UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO. 03-310

DARRYL BROWN                             SECTION "R" (5)

**ORDER AND REASONS**

Petitioner Darryl Brown moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. For the following reasons, the Court DISMISSES the motion.

I.  **PROCEDURAL BACKGROUND**

On October 3, 2003, a federal grand jury in the Eastern District of Louisiana charged Darryl Brown in two counts of a fifteen count indictment. Count 1 of the indictment charged Brown, and twelve others, with knowingly and intentionally conspiring to distribute and possess with the intent to distribute, 100 grams or more of heroin, 50 grams or more of cocaine base ("crack"), and 500 grams or more of cocaine

hydrochloride in violation of 21 U.S.C. § 841(a)(1) and § 846. Count 15 charged Brown with one count of identity theft in violation of 18 U.S.C. § 1028.  On October 31, 2003, a federal grand jury returned a superseding indictment, which added two additional defendants to Count 1.

On March 17, 2004, Brown entered a knowing, intelligent, and voluntary plea of guilty to a two-count superseding bill of information, as part of a plea agreement with the United States. In return for Brown's guilty plea, the government reduced the original charges and agreed not to file a sentence enhancement under 21 U.S.C. § 851, which mandates a twenty-year minimum sentence and up to life imprisonment for a repeat felony drug offender.  Brown was charged only with participating in a drug trafficking conspiracy involving 500 grams or more of cocaine hydrochloride.  As part of the plea agreement, Brown agreed to waive his right to appeal or seek post-conviction relief.

During the March 17, 2004, rearraignment proceedings, the Court specifically questioned Brown about the details of the plea agreement and his decision to waive his appellate and post-conviction rights.  In response, Brown confirmed that he understood the consequences of waiving his right to pursue a post-conviction challenge to a guideline sentence.  (Rearr. Trans., at pp. 20-21, 26).  The Court also confirmed Brown's

understanding of the terms of the plea agreement, including that the United States had agreed not to pursue a sentence enhancement based on 21 U.S.C. § 851.  Following this colloquy with the petitioner, the Court accepted the guilty plea, and ordered the preparation of a presentence investigation report.

The probation officer who prepared Brown's presentence report initially recommended a four-level adjustment for Brown's role in the offense.  After the petitioner objected to the four-level adjustment, the probation officer agreed to decrease the recommended adjustment by two levels.  On October 13, 2004, at the petitioner's sentencing hearing, Brown objected to the revised two-level adjustment, contending that it was a breach of his plea agreement.  The Court informed the petitioner that his plea agreement did not apply to guideline adjustments.  (Sent. Trans., at p. 9).  Brown did not move to withdraw his plea at any time during the sentencing hearing.  The Court sentenced Brown to two 76-month guideline sentences for each count, to run concurrently, which reflected the application of the two-level enhancement for his role in the offense.

On January 30, 2006, the petitioner filed this application for post-conviction relief, asserting that the government breached its obligations under the plea agreement.

**II.  DISCUSSION**

    **A.   STANDARD OF REVIEW**

The government contends that petitioner waived his right to file a breach of plea agreement claim in his § 2255 motion when he made his informed and voluntary waiver of post-conviction relief at sentencing.  The Fifth Circuit has stated: "A claim that the government breached the terms of a plea agreement implicates constitutional due process concerns."  *United States v. Robinson*, 117 Fed.Appx. 973, 978 (5th Cir. 2004) (citing *United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994)).  As petitioner's claim is a direct challenge to the legitimacy of the plea and the waiver, the petitioner has not procedurally defaulted this claim by agreeing to waive his right to post-conviction relief at sentencing.  *See, e.g., Robinson, 117 Fed.Appx. at 978-79; United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)*; United States v. Trevino*, 2005 WL 1515457, at *3, n. 2 (S.D. Tex. June 23, 2005) ("If the Court were to determine that the plea was involuntary or that the government breached the plea agreement, the waiver, too, would be called into question.").

**B.   ANALYSIS**

It is well-settled that when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).  "If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises." *Valencia*, 985 F.2d at 760.  To determine whether the government has violated the terms of a plea agreement, "the court must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement."  *Id.* at 761.

Here, the government's agreement with the defendant was that it would not seek a sentence enhancement based on 21 U.S.C. § 851.  The government never agreed as part of the plea agreement to object to any further guideline adjustments like the two-level one that Brown received for his leadership role in the offense, or to stipulate that such an adjustment did not apply.  The petitioner now seeks to link together the government's promise not to seek the enhancement under 21 U.S.C. § 851 with the government's acquiescence with the probation office's recommended two-level adjustment.  Any reasonable understanding of the plea agreement would indicate that the government did exactly what it

said it would do.  As a result, the petitioner cannot show that the government breached the plea agreement.  Accordingly, his claim is denied on the merits.

### III. CONCLUSION

For the foregoing reasons, the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this  1st  day of September, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE